[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, R M Automotive, Inc., brings this action in several counts, i.e., Breach of Contract, Breach of an Express Warrantee, Breach of Merchantability and the Breach of an Implied Warranty; as well as the violation of CUTPA and for Fraud and Negligent Misrepresentation.
The defendants, G G Services, Inc., d/b/a/ Stationware, Robert J. Guild and Dan Schwarzenback, d/b/a/ Stationware, all deny the material allegations by way of their Amended Answer, and they raise a special defense of the Statute of Limitations as to Count Seven of the CT Page 814 Complaint.
The defendants, also, by way of a claim of set oft contend that they are due from the plaintiff the sum of $16,487.19 for services.
The plaintiff alleges in its complaint, that the parties entered into a contract wherein the defendants would provide certain electronic materials and equipment; which would permit the plaintiff to operate its business and obtain the results as requested by the plaintiff That those results as promised by the defendants were never obtained through the use of the defendants' equipment. Further, that the defendants would receive operating instructions in the use of the equipment. That only a minimal amount of oral instructions were presented and that a written manual was never provided.
The background leading up to this action involved the plaintiff's search for an upgrading of the electronic equipment and software used in its business. Specifically, that its six business divisions that generated individual operational materials and reports, would have these materials and reports combined and made available to the central office on a daily basis. These informational matters would provide the plaintiffs president and others, daily; with an immediate, concise, financial and operational picture of the overall business operation, in addition to that of the operations of each individual division. The plaintiff sought to increase the efficiency of its business, by having all business operational and financial information available to management on a daily basis; in a combined form.
The defendants were told of the plaintiff's expectations and requirements. They were shown the business operation, its then existing equipment — computers, etc., and how they were used in the business. The plaintiff went over the details of the work it performed, the methods used in tracking and accounting for all the separate aspects of the business operations of the separate divisions; and the method used to combine these separate divisional informational accounts, and reports, into a single accounting format for management purposes.
The defendants were given complete access to the physical plant at any time, including weekends.
The defendants assured the plaintiff that they had available the necessary equipment and expertise to provide and install the equipment, and to obtain the results and goals outlined by the plaintiff Also, they would provide the tutorials that would permit a smooth installation of their equipment and the providing of training of the plaintiffs personnel; without causing a disruption of plaintiff's business or work CT Page 815 schedules.
The equipment which the defendants' proposed to supply to the plaintiff, were specialized electronic software programs which controlled the various operations required to collect the information produced in the plaintiffs business; place this collected information in the form needed to operate the business and to make it available in a single, central location.
The various individual software products which the defendants did provide to the plaintiff did, in a general way, produce the results requested by the plaintiff However, crucial details relating to the items listed were missing or inaccurate making the results obtained invalid. For example, the towing software which was to control one of the more important divisions, required a format that was to be prepared in the field that was accurate and quickly and easily completed through a check-off system or other easily identified information system. The failure to include important items on the form, or inaccurate or incomplete descriptions could have serious consequences to the plaintiff Defendants failed to provide such software.
Another critical inability of defendants' software to meet plaintiffs requirements was with the accounting software. The specialized accounting demands of plaintiffs business as set out by the plaintiff and as promised to be accomplished by the defendants with its software. Much of the accounting software's problems was in its failure to conform to regular accounting practices which produced results that were inaccurate or unusable by plaintiffs staff.
In addition, problems of failures in the operation of the equipment and inaccurate information were numerous. The defendants did attempt to resolve these failures over the course of a year following the installation. Changes, corrections and modifications to the software programs were made as the plaintiffs staff discovered them while using the equipment. However, because of the uncertain results obtained, and the lack of reliable information, the plaintiff had to operate its old system to check on and correct errors produced in the defendants' equipment. There was a constant need to check the accuracy and reliability of the defendants' equipment results. After a year of working with the defendants to get its equipment into a reliable and useable state the plaintiff gave up. It replaced the defendants' equipment with other equipment that was reliable and accurate and produced the results required.
The defendants contend that the equipment supplied to the plaintiff did what was contracted for. That if there were failures or difficulties with CT Page 816 their equipment it was caused by plaintiff's staff not using it for its designed purposes.
The plaintiff points out that it has a computer knowledgeable staff that has been operating computers for years; that during the period when the defendants had installed their equipment and were attempting to have it deliver what was promised in the parties' contract, plaintiffs staff still had to operate its old equipment in parallel with the defendants' new equipment which was unreliable, inaccurate and failed to produce the results for which it was purchased.
The court finds that the parties' entered into a contract, wherein, the defendants were to provide and install the necessary software and ancillary equipment to replace existing equipment and to expand upon the work done and the results obtained by the existing equipment.
That the defendants' software and equipment as provided and installed by the defendants did not produce the results promised by the defendants and contracted for by the plaintiff That the defendants did make numerous changes and modifications to the equipment over a period of approximately one year attempting to have the equipment meet the contractual requirements, but without success. That the extent of the equipment failures and the inability of the equipment to consistently and accurately provide the results contracted for by the plaintiff, was a breach of both the agreement made by the parties and of the defendants' warranty of merchantability.
Further, the court finds that the plaintiff presented evidence and proved its allegation that the defendants asserted that the products supplied to it by the defendants were fit for the purposes contracted for; and thus, breached its Warranty of Merchantability (C.G.S.A. Sec.42a-2-314) when they failed to provide the results promised by the defendants in their agreement with the plaintiff.
Therefore, the court finds the issues for the plaintiff, on Counts One and Three of its complaint; and for the defendants, on the issues in the remaining counts.
Further, as to the set off raised by the defendants, the court finds these issues for the plaintiff.
The court further finds, that as a result of the defendants breach of contract and the breach of their warranty of merchantability, the plaintiff suffered damages as follows:
Payments made to defendants: CT Page 817
 Toward the contract — $ 13,700.00 For extra work — $ 1,927.00 Lost time — $ 1,000.00
Total damages to plaintiff $ 16,627.00
Therefore Judgment may enter for the plaintiff and against the defendants in the sum of $16,627.00 together with court costs.
 ___________________ Kremski, J.T.R.